Case 1:18-cv-08063-AJN   Document 41   Filed 05/27/20   Page 1 of 10

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/27/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Karen Lee Freedman,

                Plaintiff,

    –v–

City of New York, *et al.*,

                Defendants.

18-cv-8063 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

       This case arises from the service of a Temporary Order of Protection on Plaintiff Karen Lee Freedman by four New York City Sheriff's Deputies. Plaintiff asserts claims under 42 U.S.C. § 1983, seeking damages from the City of New York, Joseph Fucito—the Sheriff of the City of New York—and the four Sheriff's Deputies for violations of her due process right allegedly committed during the service of the Temporary Order of Protection. Before the Court is a motion brought by the City and Fucito for judgment on the pleadings with respect to the claims against them. For the reasons stated below, this motion is GRANTED, and Plaintiff's claims against the City and Fucito are dismissed without prejudice.

**I.    BACKGROUND**

    **A.  Factual Background**

       The Court takes the following facts from Plaintiff's Amended Complaint, which are accepted as true at this stage of the litigation.[1] *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d

---

[1] Throughout this Opinion and Order, the Court cites to Plaintiff's Amended Complaint, which was filed on the same day the City and Fucito filed their motion for judgment on the pleadings. Plaintiff amended her original Complaint to name the four Sheriff's Deputies previously identified as John Doe Sheriff's Deputies ##1–4. Though the Amended Complaint was filed after the motion for judgment on the pleadings, the City and Fucito informed the

Cir.2010). During the relevant time period, Plaintiff and her husband, Sikhumbuzo Kunene, lived together in an apartment leased by Plaintiff located at 161 East 96th Street in Manhattan. Am. Compl. (Dkt. No. 31) ¶ 11. On March 17, 2015, a verbal altercation between Plaintiff and Kunene resulted in Kunene pushing Plaintiff's head into a wall, throwing her into a bathtub, and strangling her. *Id.* Following this altercation, Kunene was arrested and prosecuted, but he and Plaintiff subsequently reconciled and remained living together. *Id.* However, Kunene continued to abuse Plaintiff, and she called the New York City Police Department on several occasions, filing Domestic Incident Reports alleging domestic abuse by him. *Id.*

On June 8, 2017, New York County Family Court Judge Douglas E. Hoffman granted Kunene a Temporary Order of Protection against Plaintiff, Dkt. No. 29-2, on the basis of allegations he made in a Family Offense Petition that she was abusive to him on several occasion, *see* Dkt. No. 29-3 at 1. That Order required Plaintiff to stay away from Kunene and refrain from committing any criminal offense against him. *See* Am. Compl. ¶ 12; Dkt. No. 29-2. Around 7 p.m. on the night of June 8, 2017, Deputy Sheriffs Elijah Seyfried, David Chu, and Miguel Pimentel and Sergeant Orpheus Cuttino arrived at the apartment Plaintiff then shared with Kunene to serve her with the Order. Am. Compl. ¶ 12.

Plaintiff granted access to them, and they then served her with the Order and informed her that she had to leave the apartment "right now." Am. Compl. ¶ 13. When she advised them that she was the leaseholder of the apartment, the Sheriff's Deputies responded that it was the "judge's orders" that she vacate the premises. Am. Compl. ¶ 14. Kunene, addressing the Sheriff's Deputies, stated that Plaintiff was not required to leave their shared apartment, but

---

Court on March 25, 2019 that they wished to rely on their initially-filed motion. Dkt. No. 37. Accordingly, for purposes of this motion, the Court considers the Amended Complaint, Dkt. No. 31, and the City's and Fucito's Answer to the original Complaint, Dkt. No. 9, the operative pleadings.

rather was only required to abide by the prohibitions in the Temporary Order of Protection. Am. Compl. ¶ 15. The Sheriff's Deputies ultimately forced Plaintiff from her apartment nonetheless, allowing her approximately 15 minutes to gather her things before doing so. Am. Compl. ¶ 16.

### B. Procedural Background

Plaintiff filed the Complaint in this action on September 6, 2018. Dkt. No. 1. On November 29, 2019, the City and Fucito filed their Answer. Dkt. No. 9. On February 10, 2019, Plaintiff moved to amend the Complaint to name the four Sheriff's Deputies previously identified as John Doe Sheriff's Deputies ##1–4. *See* Dkt. Nos. 15–16. The City and Fucito consented to the amendment but did not waive service on behalf of the four Sheriff's Deputies. Dkt. No. 21. Plaintiff successfully filed her Amended Complaint—which was incorrectly filed on February 26, 2019, *see* Dkt. No. 25—on March 1, 2019, *see* Dkt. No. 31, the same day the City and Fucito filed the motion for judgment on the pleadings that is now before the Court, *see* Dkt. Nos. 28–30.[2] On March 14, 2019, Plaintiff filed her opposition to the motion for judgment on the pleadings, Dkt. No. 35, and on March 22, 2019, the City and Fucito filed their reply in further support of their motion, Dkt. No. 36. As of the date of this Opinion and Order, Plaintiff has not filed proof of service of the Amended Complaint on the four Sheriff's Deputies.

## II.   LEGAL STANDARD

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are subject to the same standard

---

[2] Initially, the City and Fucito incorrectly filed their notice of motion for judgment on the pleadings, memorandum of law, and declaration of Nicholas L. Collins, with Exhibits A–D attached. *See* Dkt. Nos. 28–30. They subsequently properly filed the notice of motion and memorandum of law on March 5, 2019, but they did not refile the Collins declaration and attached exhibits. *See* Dkt. Nos. 33–34. Throughout this Opinion and Order, the Court cites to the documents incorrectly filed on March 1, 2019 at Dkt. Nos. 28–30.

applicable to Rule 12(b)(6) motions to dismiss. *See Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). Thus, the Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences" in the Plaintiff's favor. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)). A complaint must do more, however, than offer "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion for judgment on the pleadings, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Johnson*, 569 F.3d at 44 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"On a 12(c) motion, the court considers 'the complaint, the answer, [and] any written documents attached to them . . . .'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)). A complaint is "deemed to include any . . . materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Id.* (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)). A court may also consider "documents plaintiff[] had . . . in [her] possession or had knowledge of and upon which [she] relied in bringing suit," *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991), and take judicial notice of "public records, including 'arrest reports, criminal complaints, indictments, and criminal disposition data,'" *Awelewa v. New York City*, No. 11-cv-778 (NRB), 2012 WL 601119, at *2 (S.D.N.Y. Feb. 23, 2012) (quoting *Wims v. New York City Police Dep't*, No. 10-cv-6128 (PKC), 2011 WL 2946369, at *2 (S.D.N.Y. July 20, 2011)). Under this standard, the Court may

properly consider the Temporary Order of Protection, Family Offense Petition, and Summons attached as Exhibits B–D of the declaration of Nicholas L. Collins.  *See* Dkt. Nos. 29-2–4.

**III.   DISCUSSION**

In Plaintiff's Amended Complaint, she seeks damages from the City, Fucito, and the four Sheriff's Deputies under § 1983 for the deprivation of her property—the apartment, of which she was the sole leaseholder, that she was ordered to vacate—without due process in violation of the Fourteenth Amendment.  The City and Fucito have moved for judgment on the pleadings with respect to the claims against them, arguing that the Amended Complaint fails to adequately allege municipal liability with respect to the City and personal involvement in the alleged violation of Plaintiff's due process right with respect to Fucito.  For the reasons stated below, the Court agrees and dismisses Plaintiff's claims against them.

### A.  Plaintiff's Claim against the City is Dismissed for Failure to Allege Municipal Liability

A municipality like the City of New York "may not be held liable in an action under 42 U.S.C. § 1983 . . . solely on the basis of *respondeat superior*."  *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).  However, a municipality may "be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality."  *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell*, 436 U.S. at 690–91).  Additionally, "[t]he plaintiff must establish a causal connection . . .

between the policy and the deprivation of [her] constitutional rights." *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985).

Courts in this District have recognized that a plaintiff may satisfy the "policy or custom" prong in one of four ways:

> by alleging the existence of 1) a formal policy; 2) actions taken or decisions made by final municipal policymakers that caused the violation of plaintiff's rights; 3) a practice so persistent and widespread that it constitutes a "custom or usage" and implies the constructive knowledge of policymakers; or 4) a failure to properly train or supervise municipal employees that amounts to "deliberate indifference to the rights of those with whom municipal employees will come into contact."

*Ash v. City of New York*, No. 16-cv-9548 (GHW), 2020 WL 58240, at *9 (S.D.N.Y. Jan. 6, 2020) (citations omitted).

Regardless of what theory of municipal liability a plaintiff offers, "boilerplate assertions of municipal policy are insufficient to state a claim for *Monell* liability." *Bishop v. City of New York*, No. 13-cv-9203 (AJN), 2016 WL 4484245, at *4 (S.D.N.Y. Aug. 18, 2016); *see Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993). Rather, facts supporting the policy's existence must be pled. *Dwares*, 985 F.2d at 100. Indeed, "[a]lthough there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, a complaint does not suffice if it tenders naked assertions devoid of further factual enhancement." *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012) (alterations, citations, and internal quotation marks omitted). "The mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Dwares*, 985 F.2d at 100.

Plaintiff's Amended Complaint fails to state a claim for municipal liability against the City because it relies on boilerplate allegations of an official policy or custom and fails to allege any facts tending to support the existence of such a policy or custom. Indeed, even construing

6

Plaintiff's allegations generously, she alleges only that the City has a "customary summary procedure of serving and enforcing Ex Parte temporary orders of protection," which "lead[s] to the erroneous deprivation" of property. Am. Compl. ¶ 20; *see also id.* ¶¶ 27, 33. She provides no other factual support for the existence of this policy beyond her allegations that Sheriff's Deputies acting pursuant to it deprived her of her right to due process. However, without more, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (quoting *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991)).

To the extent the Amended Complaint further attempts to allege municipal liability on a failure to train or supervise theory, it likewise relies on conclusory, boilerplate allegations. It alleges only that a "failure to train and properly supervise deputies in the execution of [their] duties led to the erroneous deprivation of Plaintiff's property." Am. Compl. ¶ 28. This "naked assertion[] devoid of further factual enhancement" is insufficient to allege municipal liability under § 1983. *Triano*, 895 F. Supp. 2d at 535 (quoting *Iqbal,* 556 U.S. at 678).

. Accordingly, because Plaintiff has failed to allege the existence of a municipal policy or custom as required to state a claim for municipal liability under § 1983, her § 1983 claim against the City is dismissed.

### B. Plaintiff's Claim against Fucito is Dismissed for Failure to Allege Personal Involvement

Plaintiff's § 1983 claim against Fucito also fails because the Amended Complaint does not adequately allege that he was personally involved in the alleged violation of her right to due process.

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in

7

the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Sufficient personal involvement can be established in five ways, referred to as the *Colon* factors:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiffs] by failing to act on information indicating that unconstitutional acts were occurring.

*Id.* (emphases omitted) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

In other words, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "Conclusory accusations regarding a defendant's personal involvement in the alleged violation, standing alone, are not sufficient . . . ." *Gantt v. Ferrara*, No. 15-cv-7661 (KMK), 2018 WL 4636991, at *5 (S.D.N.Y. Sept. 27, 2018) (quoting *Lindsey v. Butler*, 43 F. Supp. 3d 317, 329 (S.D.N.Y. 2014)). Moreover, "merely recit[ing] the legal elements of a successful § 1983 claim . . . does not meet the plausibility pleading standard." *Dotson v. Farrugia*, No. 11-cv-1126 (PAE), 2012 WL 996997, at *6 (S.D.N.Y. Mar. 26, 2012).

Construing the allegations in the Amended Complaint generously, Plaintiff appears to attempt to allege Fucito's personal involvement through the third, fourth, and fifth *Colon* factors. However, each allegation of Fucito's personal involvement is a conclusory recitation of the legal elements of a successful § 1983 claim. With respect to the third factor, the Amended Complaint alleges only that Fucito is "a final policy maker" who implemented the alleged policy at issue. Am. Compl. ¶¶ 33–34. With respect to the fourth factor, it alleges only that he "fail[ed] to train

8

and properly supervise deputies in the execution" of their duties. Am. Compl. ¶ 28. Finally, with respect to the fifth factor, the Amended Complaint alleges that the City—and presumably, drawing all inferences in Plaintiff's favor, Fucito—knew or should have known of the alleged policy but "failed to take corrective action." Am. Compl. ¶ 36. These allegations do little more than "parrot the[] evidentiary routes" to establishing personal involvement set out in the *Colon* factors, and are unsupported by other factual allegations tending to support Fucito's personal involvement. *See Dotson*, 2012 WL 996997, at *6. Such "[c]onclusory accusations," "standing alone," are insufficient. *Gantt*, 2018 WL 4636991, at *5. Accordingly, even drawing all inferences in her favor, Plaintiff has failed to allege Fucito's personal involvement in the alleged violation of her right to due process, and thus her § 1983 claim against him is dismissed.

### C. The Court Grants Plaintiff Leave to Amend

In light of the suggestion in Rule 15 of the Federal Rules of Civil Procedure that a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court dismisses Plaintiff's claims against the City and Fucito with leave to amend the Amended Complaint within 21 days of the date of this Opinion and Order.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's claims against the City and Fucito are DISMISSED without prejudice. If she wishes to file a second amended complaint, she must do so within 21 days of the date of this Opinion and Order. Failure to do so will result in dismissal of her claims against the City and Fucito with prejudice.

If Plaintiff wishes to proceed with her claim against the four Sheriff's Deputies, she must file proof of service of the Amended Complaint on them within 14 days of the date of this Opinion and Order. If she failed to serve them with the Amended Complaint within the time

provided by Rule 4(m) of the Federal Rules of Civil Procedure, she must show good cause for her failure to timely serve the Sheriff's Deputies. If Plaintiff fails to file proof of service and good cause, if necessary, within 14 days of the date of this Opinion and Order, her remaining claim against the four Sheriff's Deputies will be dismissed without prejudice pursuant to Rule 4(m). *See* Fed. R. Civ. P. 4(m).

      This resolves Dkt. No. 33.

      SO ORDERED.

Dated: May 27, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge